NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-1948

———————

UNITED STATES OF AMERICA

v.

CHRISTOPHER STEIBING,
a/k/a Amanda Fox, a/k/a/ Cory,

Christopher Steibing,
Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-14-cr-00256-001)
District Judge:  Honorable Harvey Bartle, III

———————

Submitted under Third Circuit LAR 34.1(a)
on February 8, 2016

Before: FUENTES, KRAUSE, and RENDELL, Circuit Judges

(Filed: September 1, 2016)

———————

OPINION*

———————

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, Circuit Judge.

Defendant Christopher Steibing pled guilty to one count of coercion and enticement of a minor to engage in sexual conduct and received a 336-month prison sentence. He argues that this sentence was procedurally unreasonable because the District Court failed to meaningfully consider the mitigating factor of his cooperation. We disagree and will affirm.

I.

Steibing used various online aliases to coerce his ex-girlfriend's 13-year-old daughter into sending him multiple pornographic photographs of herself. When the victim refused to submit more images, Steibing blackmailed her, e-mailed the photographs to the victim's family members, and posted the photos on image-sharing websites.

After his arrest but prior to being charged, Steibing tried to assist the government by soliciting images from an acquaintance whom Steibing believed was involved in distributing child pornography. The acquaintance, however, did not provide any child pornography in response.

Steibing pleaded guilty to one count of coercion and enticement of a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b). The guideline range for his conduct was 360 months to life imprisonment. Steibing moved for a downward variance based on mitigating factors such as his undiagnosed bipolar disorder, his history of drug abuse, and his attempt to assist the government in identifying other individuals

2

engaged in similar conduct. The District Court sentenced Steibing to 336 months' imprisonment—24 months below the advisory guidelines range. Steibing now appeals the District Court's sentence.

II.[1]

The parties do not dispute that Steibing failed to preserve his sentencing objections at the time of his sentencing. We therefore review the sentencing decision for plain error.[2] Reversible plain error exists only if the error is "clear under current law," affected "substantial rights," and "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."[3]

At sentencing, the "record must demonstrate the trial court gave meaningful consideration" to the factors outlined in 18 U.S.C. § 3553(a).[4] These factors include the nature of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to provide just punishment, deter others, and protect the public from the defendant.[5] The "record must show a true, considered exercise of discretion on the part of a district court, including a recognition of, and response to, the parties' non-frivolous arguments."[6]

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742.

[2] *United States v. Flores-Mejia*, 759 F.3d 253, 259 (3d Cir. 2014).

[3] *United States v. Olano*, 507 U.S. 725, 733-34 , 736(1993); *see also Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks omitted).

[4] *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

[5] 18 U.S.C. § 3553(a).

[6] *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).

3

Steibing claims that the District Court erred by failing to meaningfully address his sincere efforts to cooperate with the FBI. While it is true that the District Court did not specifically mention Steibing's cooperation efforts when granting a downward variance, "[a] sentencing court need not analyze explicitly every argument that a defendant puts forward."[7] The judge mentioned the numerous years Steibing's bipolar disorder went undiagnosed, his past drug addiction, and his attempts to change his life, all considerations within the penumbra of § 3553(a). The judge also expressed his belief that Steibing had "undergone belatedly a change in [his] life."[8] As an example of such change, Steibing's counsel pointed to his cooperation efforts. The judge's statements were more than adequate to explain the reasons for the variance and demonstrate the "meaningful consideration" our cases require.

Even if we were to agree that the District Court should have more explicitly addressed Steibing's cooperation efforts, Steibing has not made the "specific showing of prejudice" that plain-error review requires.[9] Under this standard, Steibing must prove there is a reasonable probability that, but for the error, a different result would have occurred.[10] The most Steibing can do, however, is speculate that he "may very well" have received a further variance from the guideline range if the judge had expressly considered his failed cooperation efforts.[11] Wishful thinking is not a substitute for evidence of actual prejudice. Steibing already received a downward variance despite

---

[7] *United States v. Quiles*, 618 F.3d 383, 397 (3d Cir. 2010) (citations omitted).
[8] J.A. 104.
[9] *Olano*, 507 U.S. at 735.
[10] *United States v. Dominguez Benitez,* 542 U.S. 74, 81-82 (2004).
[11] Def. Br. 17.

committing a string of heinous acts against a minor child, in part because the judge saw evidence of improvement in Steibing's behavior. We think it unlikely that the District Court would have reduced Steibing's sentence even further on the basis of his brief, failed cooperation efforts. Steibing certainly has not provided evidence that could convince us otherwise, and that failure is fatal to his argument.

Steibing also challenges the substantive reasonableness of his sentence based on the District Court's alleged failure to consider his cooperation efforts. Because the District Court meaningfully considered Steibing's arguments, his substantive challenge fails. Further, his sentence of 336 months is substantively reasonable given the § 3553(a) factors.[12]

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[12] *Cf. United States v. Larkin*, 629 F.3d 177, 196 (3d Cir. 2010) (affirming a sentence of 30 years where the defendant, among other things, created pornographic pictures of her young daughter and solicited someone to have sex with her daughter).

5